IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **BAHIYAH MALIKA SHABAZZ,** | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No. SAG-24-2656 |
| **MERIDIAN BANK,** *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Bahiyah Malike Shabazz ("Plaintiff"), who is self-represented, filed an Amended Complaint against Defendants Meridian Bank ("Meridian") and Federal National Mortgage Association ("Fannie Mae") (collectively, "Defendants"), asserting twenty-two counts, including five violations of federal law and myriad state law claims. ECF 5. Both Defendants have filed motions to dismiss the Amended Complaint for failure to state a claim, ECF 7 (Meridian), ECF 14 (Fannie Mae). Plaintiff has opposed both motions, ECF 16, and both Defendants filed replies, ECF 17 (Fannie Mae); 18 (Meridian). Additionally, Plaintiff filed a Motion for *In Camera* Review, ECF 19, which Meridian opposed, ECF 20, and a Motion to Seal Forensic Audit and Affidavit, ECF 21, which is unopposed. This Court has reviewed all of the filings, and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons stated below, Defendants' motions to dismiss, ECF 7 and ECF 14, will be granted, and the Amended Complaint, ECF 5, will be dismissed without prejudice for lack of standing. Plaintiff's motion for *in camera* review, ECF 19, will be denied, and Plaintiff's motion to seal, ECF 21, will be denied.[1]

---

[1] Plaintiff's motion for *in camera* review appears to ask this Court to review, in the privacy of chambers, "the affidavit and forensic audit findings accompanying the amended complaint." ECF

1

I. **FACTUAL BACKGROUND**

The facts described herein are taken from Plaintiff's Amended Complaint, ECF 5, and are taken as true for purposes of this motion. As of November 19, 2021, Plaintiff was the owner and purchaser of 3611 Mohawk Avenue in Baltimore, Maryland (the "Property"). *Id.* at 5.[2] Meridian Bank was the originator and original lender of the mortgage loan for the Property, in the amount of $363,750. *Id.* at 6-7. Meridian then assigned and transferred the loan into the FNMA 2021-91 Trust ("the Trust"). *Id.* Fannie Mae serves as Trustee of the Trust and is responsible for its management. *Id.* Plaintiff alleges that the assignment was improper and that Fannie Mae mismanaged the Trust in various ways, which "directly affected Plaintiff's legal and equitable rights concerning the property." *Id.* at 7-8. Specifically, Plaintiff alleges that "a forensic audit revealed significant discrepancies" and that the trust prospectus "contained several material misstatements and omissions that misled investors."[3] *Id.* at 7.

II. **LEGAL STANDARDS**

Defendants have moved to dismiss, challenging Plaintiff's standing to sue. ECF 7, 14. "The plaintiff in a federal action bears the burden of demonstrating that he possesses standing to pursue

---

19 at 1. Now, "in light of Defendants' opposition," Plaintiff's motion to seal asks this Court to "seal the forensic audit and affidavit submitted in support of Plaintiff's claims" instead of conducting an *in-camera* review because these documents contain "sensitive proprietary information, financial data, and forensic auditing methodologies." ECF 21 at 1. However, there are no documents accompanying the amended complaint, ECF 5. Having reviewed all of the attachments to Plaintiff's other filings, this Court cannot ascertain which documents the Plaintiff requests to have reviewed *in camera* and/or sealed and must therefore deny both motions. Moreover, it would be inappropriate for this Court to consider documents outside of the pleadings in addressing motions to dismiss. *See Bosiger v. U.S. Airways, Inc.*, 510 F.3d 442, 450 (4th Cir. 2007).

[2] For all pincites, this Court uses the ECF page numbers in the header at the top of the page rather than the page numbers in the footer at the bottom of the page.

[3] Plaintiff does not allege that she was an investor in the Trust.

his claims in federal court." *Mclnnes v. Lord Baltimore Employee Retirement Income Account Plan*, 823 F. Supp. 2d 360, 362 (D. Md. 2011). Because standing is an element of subject matter jurisdiction, a defendant's motion to dismiss for lack of standing should be treated under Rule 12(b)(1). *Id.*

"Under Rule 12(b)(1), if a party lacks standing the court automatically lacks subject matter jurisdiction." *Zaycer v. Sturm Foods, Inc.*, 896 F. Supp. 2d 399, 403 (D. Md. 2012). "To bring suit, a plaintiff must plead an injury in fact attributable to the defendant's conduct and redressable by the court." *Tyler v. Hennepin County, Minn.,* 598 U.S. 631 (2023) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561 (1992)).

Because Plaintiff is self-represented, her pleadings are "liberally construed" and "held to less stringent standards than [those filed] by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, No. DKC-10-3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim."), *aff'd*, 526 F. App'x 255 (4th Cir. 2013).

Moreover, a federal court may not act as an advocate for a self-represented litigant. *See Brock v. Carroll*, 107 F.3d 241, 242-43 (4th Cir. 1996); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Therefore, the court cannot "conjure up questions never squarely presented," or fashion claims for a plaintiff because she is self-represented. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *see also Maryland v. Sch. Bd.*, 560 F. App'x 199, 203 n.4 (4th Cir. 2014) (unpublished) (rejecting self-represented plaintiff's argument that district

3

court erred in failing to consider an Equal Protection claim, because plaintiff failed to allege it in the complaint).

### III.    ANALYSIS

As noted above, the crux of Article III standing, which is required to bring suit in federal court, is an actual injury to the Plaintiff caused by one or more defendants. In this case, Plaintiff alleges that Defendants assigned and securitized her mortgage improperly. But other than a conclusory assertion that her "legal and equitable rights" were "affected," ECF 5 at 6, she has not alleged any specific injury or harm that she suffered from the assignment and securitization, whether they were proper or improper in their execution. Courts in this Circuit and elsewhere have ruled repeatedly that a borrower suffers no harm from those actions. *See, e.g.*, *Rajamin v. Deutsche Bank Nat. Trust Co.*, 757 F.3d 79, 85 (2d Cir. 2014) (holding mortgagors did not suffer any injury as result of the mortgage lender's assignment of their promissory notes and mortgages to securitization trusts, and thus lacked Article III standing to an bring action); *Davis v. BSI Fin. Servs., Inc.*, 633 F. App'x 837, 838 (4th Cir. Feb. 29, 2016) (unpublished) (affirming plaintiff's lack of standing to challenge an allegedly "robo-signed" mortgage note because, "[r]egardless of the truth of this assertion, [plaintiff] was not a party to the assignment and fails to demonstrate either that he has standing to challenge the assignment or that robo-signing renders the assignment void"); *Wolf v. Fed. Nat'l Mortg. Ass'n*, 512 F. App'x 336, 342 (4th Cir. 2013) (affirming plaintiff's lack of standing to challenge the validity of an assignment because she did "not allege that she is a party to the assignment ... or that she is an intended beneficiary of the assignment," reasoning that "the assignment does not affect [plaintiff]'s rights or duties at all [because she] still has the obligation under the note to make payments[;] [i]n fact, the only thing the assignment affects is to whom [plaintiff] makes the payments"); *Grenadier v. BWW Law Grp.*, No. 1:14CV827, 2015 WL 417839, at *4–5 (E.D. Va. Jan. 30, 2015) (finding that plaintiff lacked

standing to challenge the validity of the assignments and the securitization process because she did not allege any facts showing that she was a party or intended third-party beneficiary of any of the assignments); *McGee v. Countrywide Bank FSB*, No. 1:12CV772, 2013 WL 942394, at *3 (M.D.N.C. Mar. 11, 2013)("[A] judicial consensus has developed holding that a borrower lacks standing to (1) challenge the validity of a mortgage securitization or (2) request a judicial determination that a loan assignment is invalid due to noncompliance with a [PSA], when the borrower is neither a party to nor a third party beneficiary of the [PSA]") (quoting *In re Walker*, 466 B.R. 271, 285 (Bankr. E.D. Pa. 2012)).

As another judge of this Court persuasively reasoned in connection with a similar securitization argument relating to a mortgage loan:

> Plaintiffs allege, for example, that the securitization of their mortgage loan amounts to fraud because Defendants somehow hid the securitization from Plaintiffs and that securitization itself effectively "[c]hang[ed] the character" of Plaintiffs' loan. ECF No. 1 ¶¶ 63–64. Plaintiffs further allege, without elaboration, that securitization had "a materially negative effect" on them. Id. ¶ 64. But the theory that securitization alone renders a note and Deed of Trust unenforceable has been "entirely discredited" and uniformly rejected. *See Gale v. Select Portfolio Servicing, Inc.*, No. DKC 20-1289, 2021 WL 165132, at *3 (D. Md. Jan. 19, 2021); *Mancho v. Select Portfolio Servicing, Inc.*, No. 22-02025-JRR, 2023 WL 2035928, at *3 (D. Md. Feb. 16, 2023) ("[T]o the extent Plaintiff seeks to be released from her obligations under the Promissory Note based on the securitization of the mortgage, her claim fails as a matter of law."). "Securitization creates a separate contract distinct from a borrower's debt obligations under a promissory note and does not alter the rights or obligations of the parties[ ] vis-à-vis the underlying debt." *Mancho*, 2023 WL 2035928, at *3. Securitization, in short, is "not some sort of illicit scheme that taints the underlying debt," *Thompson v. Bank of Am., N.A.*, 773 F.3d 741, 749 (6th Cir. 2014). Therefore, as a matter of law, the securitization process cannot have harmed Plaintiffs or give rise to a cause of action.

*McKinney v. Towd Point Mortg. Tr. Asset-Backed Securities, Series 2016-1*, Civ. No. 22-02878-PX, 2023 WL 8545224, at *3 (D. Md. Dec. 11, 2023). Plaintiff's argument is on all fours with the arguments rejected in *McKinney*. Plaintiff has not alleged that the securitization of her mortgage

loan after its issuance changed her rights and obligations with respect to the loan. She has not plausibly alleged any financial harm or other injury-in-fact attributable to the actions taken by Meridian or Fannie Mae. Her allegations, therefore, are "wholly inadequate" to establish standing and to give this Court subject matter jurisdiction over her multitude of claims derived from that assignment and securitization. Her claims will therefore be dismissed without prejudice.

## IV.     CONCLUSION

For the reasons set forth above, Meridian's Motion to Dismiss, ECF 7 and Fannie Mae's Motion to Dismiss, ECF 14, must be GRANTED because Plaintiff lacks Article III standing based on the allegations in her Amended Complaint, depriving this Court of subject matter jurisdiction. The Amended Complaint, ECF 5, will be dismissed without prejudice. Plaintiff's motion for *in camera* review, ECF 19, and motion to seal, ECF 21, will be DENIED. A separate Order follows, which will close this case.


Dated: March 26, 2025                                    /s/
                                              Stephanie A. Gallagher
                                              United States District Judge